IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRIAN SNEED                                                          PLAINTIFF

V.                                         CIVIL ACTION NO.: 4:07CV73-WAP-EMB

RAYMOND BYRD, ET AL.                                              DEFENDANTS

## REPORT AND RECOMMENDATION

**THIS MATTER IS BEFORE THE COURT** on the Motion for Summary Judgment [Doc. #21] and supporting Memorandum [Doc. #22] filed by Defendants Raymond Byrd and Troy Carey. By Order dated December 6, 2007, Plaintiff was granted and additional ten days in which to file his response and proper summary judgment evidence in opposition to defendants' Motion for Summary Judgment. Plaintiff, having failed to timely file his response, the matter is now ripe for review.

## Facts

Plaintiff initially filed this action in the Circuit Court of Leflore County, Mississippi (Doc. #2), and it was removed to this Court by defendants on May 7, 2007. The handwritten Complaint alleges that defendants subjected plaintiff to "cruel and unusual punishment," presumably in violation of the Eighth Amendment to the U. S. Constitution, while he was confined as a state inmate at the Delta Correctional Facility ("DCF") in Greenwood, Mississippi. Compl. p. 1. Specifically, plaintiff alleges that Defendant Raymond Byrd was at all relevant times the warden at DCF and "responsible for the overall safety and operation of the Facility." *Id.* Plaintiff also alleges that Defendant Troy Carey was the Chief of Security at DCF. *Id.*

Plaintiff goes on to allege that defendants failed to "provide adequate security to control and/or deter gang activity; assaults; and intimidation [sic]" and that they "condoned gang activity by allowing 'security lines' in the dining hall and allowing gang members to congregate in the dining hall, recreation yard, and during special programs." *Id.* at 2. Plaintiff further claims defendants "encourage[d] the gang mentality by providing 'Gangster Rap' [sic] video programs which glamorize gang activity." *Id.* Ultimately, plaintiff alleges he was "forced to live in a constant state of fear" because defendants "failed to provide a safe living environment." *Id.* Plaintiff states he is seeking an order for defendants to "show cause" for subjecting him to such living conditions and requests that all costs of the proceedings be assessed to defendants. *Id.* at 3.

## Summary Judgment Standard

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir.1995).

Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir.1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506

2

U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir.1993). As such, a court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## Analysis

In this case, Plaintiff has failed to allege any specific wrongdoing which states a constitutional claim against the defendants. Indeed, the allegations of the Complaint suggest plaintiff has sued the defendants based solely on their supervisory roles at the prison. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). As such, plaintiff's claims for money damages should be dismissed.

Alternatively, to the extent plaintiff is seeking monetary damages, his claims are barred for his failure to allege a physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Lastly, to the extent plaintiff is seeking injunctive relief, his claims are now moot as he is

no longer incarcerated at DCF. *See* Notice of Change of *Pro Se* Address (Doc. # 14).

## Conclusion

Based on the foregoing, it is my recommendation that Defendants' Motion for Summary Judgment be granted and that plaintiff's Complaint be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 25th day of February, 2008.

                                         **/s/ Eugene M. Bogen**
                                         **UNITED STATES MAGISTRATE JUDGE**